**Edgardo M. LOPEZ, Appellant**

**v.**

**C/O COUSINS; C/O Torres; Lt. Rhoades; Sgt. Webb; Doc Norris; C/O Cook; C/O Craig; C/O Alba; C/O Wittel; C/O Zimmerman; C/O Pelter; C/O Stockholm; C/O Gardner; C/O Brown; C/O D'Ney; C/O John Doe; C/O Litchar; Sgt. Myers; Sgt. Mitchell; Sgt. Steven; Sgt. Klindest; Sgt. Zgurich; Sgt. Pallone; Sgt. Harmon; C/O Arndt; C/O Berger; C/O Schultz; Sgt. Swensky; C.O. Robinson; C.O. Bombara; \*Secretary Pennsylvania Department of Corrections; Donald Kelchner; Ian Taggert; Sgt. Peters; C.O. Resller; C.O. Rodite; C.O. Carberry; C.O. Rosenberger; C.O. J. Reading; C.O. Keck; C.O. David Garrett; C.O. Kazor; Clifford O'Hara; Anthony Russ; Mr. Patton; Mr. Petruccio; Brannigan; C.O. Pesli; C.O. Wolf; C.O. Kerstetter; Mrs. Kerns;**

Hearing Examiner Andrade; Mr. Moslak; Chief Examiner Robert S. Bitner; Sharon Burks; Carl Hamberger; Robert Bilous; Mr. Hubler; Dr. Martin Lasky; Bill Moul.

\* (Pursuant to Rule 43(c), Fed. R. App. P.).

No. 10–1873.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) June 23, 2011.

Opinion filed: June 23, 2011.

Before: AMBRO, HARDIMAN and VAN ANTWERPEN, Circuit Judges.

OPINION

PER CURIAM.

Edgardo Lopez, proceeding pro se, appeals from the District Court's order dismissing his case under Federal Rule of Civil Procedure 41(b) for failure to prosecute. For the reasons that follow, we will vacate the court's order and remand for further proceedings.

In 2004, Lopez commenced a civil rights action against approximately sixty individuals alleging that he was mistreated in various ways while confined in the State Correctional Institution at Camp Hill, Pennsylvania. After several years of discovery, the defendants moved for summary judgment. Lopez requested an extension of time in which to file his opposition, and the District Court granted his request. Over the course of the next sixteen months, Lopez requested—and was granted—nine more extensions of time. In its order granting Lopez' final request for an extension of time, the District

Court ordered Lopez to file his opposition to the defendants' motion for summary judgment by January 19, 2010 and stated that no further extensions would be granted.

Lopez did not file an opposition, or anything else, by that deadline. On February 4, 2010, two of the defendants filed a "Second Reply Brief," in which they noted that Lopez had failed to meet the final deadline and that their motion for summary judgment remained pending and unopposed. About two weeks later, the Magistrate Judge issued a Report and Recommendation, in which he deemed the defendants' motions for summary judgment unopposed. Rather than proceeding to the merits of the motions, the Magistrate Judge instead recommended that the action be dismissed pursuant to Rule 41(b) for failure to prosecute. The Magistrate Judge recited the six factors that must be considered when dismissing an action for failure to prosecute, *see Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir.1984), but did not conduct an explicit analysis. Instead, the report noted that Lopez did not "obey" Local Rule 7.6, which directs a party opposing a motion to file a brief within fourteen days, or the court's order to file a brief by January 19th. The Magistrate Judge also summarily concluded that Lopez' "dilatoriness outweighs any of the other considerations set forth in *Poulis*" and that the defendants would be entitled to summary judgment.

On March 11, 2010, the District Court adopted the Magistrate Judge's Report and Recommendation and dismissed Lopez' action, with prejudice, pursuant to Rule 41(b). The District Court did not adopt or address the Magistrate Judge's alternative holding that the defendants were entitled to summary judgment. Lopez submitted an objection to the Magis-

trate Judge's report, claiming that he never received the court's order establishing a final deadline of January 19th, but his objection was apparently received after the case had been dismissed. Lopez now seeks review of the District Court's order. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

Under Rule 41(b), a district court may dismiss an action sua sponte if a plaintiff fails to prosecute his case. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). We review a decision to dismiss for failure to prosecute for an abuse of discretion. *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008). To evaluate the court's exercise of discretion, we examine how it balanced the factors set forth in *Poulis*. Those factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary . . .; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868. Although we give deference to the District Court's discretion, we have also repeatedly cautioned that dismissal with prejudice is a drastic sanction that is "only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits." *Briscoe*, 538 F.3d at 257 (citation omitted).

The District Court undertook an analysis of the *Poulis* factors independent of the Magistrate Judge's report and determined that Lopez had "a history of dilatoriness" and that he was "personally responsible for the failure to comply with the Local Rules . . . as well as numerous court orders issued over an extended peri-

od of time." It seems to us, however, that Lopez submitted formal requests for extensions of time that were granted by the District Court, and he should be able to rely on those grants. As Lopez violated only the order setting a final deadline for filing his opposition, the District Court's conclusion that Lopez has a "history of dilatoriness" is unfounded. *See Briscoe,* 538 F.3d at 261 (stating that "conduct that occurs one or two times is insufficient to demonstrate a history of dilatoriness") (internal quotation and citation omitted).

The extent of Lopez' personal responsibility for failing to comply with the final deadline is less clear. As a general rule, a pro se litigant is responsible for his failure to comply with court orders. *Id.* at 258. But Lopez asserts that he never received the order granting his last request for an extension of time, apparently inviting us to infer that he is not responsible for violating the order. Accepting this premise does not entirely absolve Lopez. If true, Lopez still failed to monitor the progress of his case when a critical motion was pending. It seems that some degree of personal responsibility should be attributed to him. But again, we note that Lopez' personal responsibility is weighed for one instance of dilatory behavior, not a history of such.

The District Court also concluded that "the prejudice to the adversaries caused by the inordinate delays in this matter is patent." While it is true that the resolution of the defendants' motions for summary judgment has been delayed for some time, the District Court authorized the delay and the prejudice factor thus should not be weighed against Lopez. The Court did not examine whether Lopez' conduct was willful or in bad faith, and it is difficult to

evaluate on this record. But, given the lengthy history of the Court granting his unopposed requests for extensions of time (and the fact that he responded once he became aware that the Magistrate Judge recommended dismissal), Lopez was at worst negligent for failing to monitor his case once he submitted his last motion for an extension of time.[1] As a general proposition, the District Court is correct that sanctions less than dismissal would be ineffective when a litigant, such as Lopez, is proceeding pro se and in forma pauperis. *Briscoe,* 538 F.3d at 262–63. Finally, the District Court determined that the defenses presented in the unopposed motions for summary judgment were meritorious. But neither the Magistrate Judge nor the District Court provided any detail or analysis for this determination. And, of course, Lopez' failure to respond to these defenses lies at the heart of this matter. Because the District Court did not provide an analysis of the merits, we cannot say that this factor weighs heavily in favor of dismissal.

Although there is no "magic formula" that we apply to determine whether a District Court has abused its discretion in dismissing for failure to prosecute, *id.* at 263, two of the factors relied upon by the District Court in this case do not favor dismissal and, in fact, may be attributable to the court (history of dilatoriness and prejudice to the adversaries). Two others are difficult to assess on this record (extent of personal responsibility and willfulness or bad faith of conduct) and may either be neutral or not heavily in favor of dismissal. Because "[d]ismissal is a harsh sanction which should be resorted to only in extreme cases," *Dyotherm Corp. v. Turbo Machine Co.,* 392 F.2d 146, 148–49 (3d

---

1. Again, we evaluate this factor in light of Lopez' assertion that he did not receive the     court's order.

Cir.1968), we hold that the District Court abused its discretion in dismissing for failure to prosecute.[2]

Accordingly, we will vacate the District Court's order of March 11, 2010 and remand for further proceedings.

---

2. We are not unmindful of the fact that Lopez has failed to make any representation regarding whether he is prepared to file the long-awaited opposition to the defendants' motions. But we have repeatedly stated that any doubts should be resolved in favor of reaching a decision on the merits and not in favor of dismissal. *See, e.g., Scarborough v. Eubanks,* 747 F.2d 871, 878 (3d Cir.1984). At the time that this case was dismissed, the District Court could have considered proceeding on the unopposed motions for summary judgment.